UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GOAL ZERO, LLC, et al., <br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CARGO FREIGHT SERVICES, LTD.,<br><br>　　　　Defendant. | Case No. 16-cv-04055-LB <br><br> **ORDER GRANTING IN PART THE DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE** <br><br> Re: ECF No. 22 |

## INTRODUCTION

This is a maritime shipment dispute concerning the non-delivery of solar-energy equipment.[1] Goal Zero and its insurer, Falvey Cargo Underwriting, sued Cargo Freight Services for failing to deliver $95,183.55 in solar equipment.[2] They sued here, in the Northern District of California, but Cargo Freight contends that this is the wrong venue under both statute and the parties' forum-selection clause.[3] Cargo Freight therefore moves to dismiss, or, alternatively, transfer the case.[4]

---

[1] Compl. — ECF No. 1, ¶¶ 6–7. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* ¶¶ 1–2, 6–8.

[3] *See generally* Motion to Dismiss or Transfer — ECF No. 22.

[4] *Id.*

ORDER — No. 16-cv-04055-LB

The court held a hearing on the matter on December 22, 2016.[5] The court grants in part the motion because venue is improper in this district, but the court transfers the case to the Northern District of Georgia rather than dismissing it.

## STATEMENT

Cargo Freight received 126 cartons of Goal Zero's solar energy equipment in Hong Kong, China.[6] Cargo Freight agreed, under contracts of carriage and a bill of lading, to transport the equipment from Hong Kong to Rotterdam, Netherlands.[7] But it breached these agreements and failed to deliver the cargo.[8] The plaintiffs allege that the "reasonable value of the non-delivered goods was $95,183.55."[9]

Falvey issued an insurance policy in which it agreed to indemnify Goal Zero against loss or damage to the equipment while in transit.[10] As a result of the non-delivery and under the policy, Falvey paid Goal Zero $92,683.55 and Goal Zero paid a $2,500 deductible.[11] Together, then, the two plaintiffs (insurer and insured) have suffered a loss of $95,183.55 for the undelivered equipment from Hong Kong to Rotterdam.[12]

So they sued. Goal Zero and Falvey seek to recover the loss against Cargo Freight.[13] They sued in this district, the Northern District of California, asserting that "[v]enue is proper under 28 U.S.C. § 1391(b)."[14] Yet Cargo Freight maintains that venue is improper here because (1) this district does not fall within 28 U.S.C. § 1391(b), and (2) the bill of lading contains a forum-

---

[5] Minute Entry — ECF No. 31.
[6] Compl. ¶ 6.
[7] *Id.* ¶ 6, 8.
[8] *Id.* ¶ 7.
[9] *Id.*
[10] *Id.* ¶ 8.
[11] *Id.*
[12] *Id.* ¶ 9.
[13] *See generally id.*
[14] *Id.* ¶ 4.

selection clause that requires all disputes to be litigated in "the United States District Court in the State of Georgia to the exclusion of the jurisdiction of any other courts."[15] Cargo Freight accordingly moves to dismiss the case or, alternatively, transfer it to a Georgia District Court.[16]

## GOVERNING LAW

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a case for improper venue. After a defendant challenges the venue, it is the plaintiff's burden to show that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In the context of a Rule 12(b)(3) motion, the court need not accept as true all allegations in the complaint, but may consider facts outside the pleadings. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). The court is, however, "obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138.

If venue is improper, the court may either dismiss the case without prejudice, or, if it is in the "interest of justice," transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (if a court decides to dismiss a case for improper venue, dismissal must be without prejudice). Ordinarily, the interest of justice requires transferring the case to the proper venue rather than dismissing the case. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264–65 (9th Cir. 2001).

## ANALYSIS

**1. The Bill of Lading**

A bill of lading "is the basic transportation contract between the shipper-consignor and the carrier; its terms and conditions bind the shipper and all connecting carriers." *S. Pacific Transp. Co. v. Commercial Metals Co.*, 456 U.S. 336, 342 (1982). The plaintiffs initially raised two issues

---

[15] *See generally* Motion to Dismiss or Transfer; Wong Decl. — ECF No. 22-1, Ex. A at 5 (paragraph 22).

[16] *See* Motion to Dismiss or Transfer at 16.

regarding the bill of lading: (1) whether the document, particularly page two, was properly authenticated; and (2) whether the contract terms are ambiguous and render venue proper in this district. At the court's suggestion, though, the parties conferred about the document's authenticity.[17] The plaintiffs now concede that the document is what Cargo Freight asserts — a true and correct copy of the bill of lading — but still raise issue with the inconsistency (and ambiguity) of its terms.[18]

Courts "interpret and resolve disputes concerning maritime contracts such as [a bill of lading] according to federal law." *Starrag v. Maersk, Inc.*, 486 F.3d 607, 616 (9th Cir. 2007) (citing *Norfolk S. Railway Co. v. Kirby*, 543 U.S. 14, 23 (2004)). "Since the bill of lading is the contract of carriage between shipper and carrier, familiar principles of contract interpretation govern its construction." *Yang Ming Marine Transp. Corp. v. Okamoto Freighters Ltd.*, 259 F.3d 1086, 1092 (9th Cir. 2001) (quoting *Henley Drilling Co. v. McGee*, 36 F.3d 143, 148 n.11 (1st Cir. 1994)). "Contract terms are to be given their ordinary meaning, and whenever possible, the plain language of the contract should be considered first." *Starrag*, 486 F.3d at 616 (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)) (internal quotations and alteration omitted).

Two principles of contract interpretation are most relevant here. First, "[a]ny ambiguity in the bill of lading must be construed in favor of the shipper and against the carrier" because bills of lading are contracts of adhesion and usually drafted by the carrier. *All Pacific Trading, Inc. v. Vessel M/V Hanjin Yosu*, 7 F.3d 1427, 1431 (9th Cir. 1993). A term is ambiguous "if it is reasonably susceptible of more than one construction or interpretation." *Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 619 (9th Cir. 1981); *see* 11 Williston on Contracts § 32:2 (4th ed.). Second, "'specific terms and exact terms are given greater weight than general language.'" *Royal Ins. Co. of Am. v. Orient Overseas Container Line Ltd.*, 525 F.3d 409, 420 (6th Cir. 2008) (quoting Restatement (Second) of Contracts § 203 (1981)).

---

[17] *See* Order — ECF No. 28.

[18] Joint Status Report — ECF No. 30 at 2.

Here, the plaintiffs argue that the bill of lading is ambiguous because it contains two forum-selection clauses.[19] On the front, it says: "Any proceedings against the Carrier must be brought in the courts of the United States of America and no other court."[20] On the back: "All disputes in any way relating to this Bill of Lading shall be determined by the United States District Court in the State of Georgia to the exclusion of the jurisdiction of any other courts . . . ."[21] Thus, according to the plaintiffs, the bill of lading is ambiguous and contradictory because it designates two different forums: any court in the United States versus only a federal District Court in Georgia.[22] And as such, they ask the court to construe the terms against Cargo Freight (the carrier) and hold that venue is proper in this district, which would fall within the front page's broad language.

But there is no ambiguity. The front incorporates the reverse where it says that the goods would be "transported in accordance with all of the items printed, written, typed or stamped in or on the front and back pages of this Bill of Lading."[23] And page two's specific language gives meaning to, and carries more weight than, the broad language on page one. By the plain language of the agreement, the parties agreed to litigate their disputes in a Georgia District Court. The backside, Georgia-specific forum-selection clause consequently controls.

## 2. Venue Is Improper and the Court Transfers the Case

The court next considers whether venue is "improper" in this district, and if so, whether the case should be dismissed or transferred.

### 2.1 Venue Is Improper Under 28 U.S.C. § 1391

Section 1406(a) and Rule 12(b)(3) require a district court to dismiss or transfer a case if venue is "wrong" or "improper" in that district. *See* 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3);

---

[19] Opposition at 6.

[20] Wong Decl. Ex. A at 4.

[21] *Id.* at 5, 7 (paragraph 22 of the backside terms and conditions).

[22] Opposition at 4–5, 6.

[23] Wong Decl. Ex. A. at 4.

*Atlantic Marine Const. Co., Inc. v. United States Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2014). "This question — whether venue is 'wrong' or 'improper' — is generally governed by 28 U.S.C. § 1391." *Atlantic Marine*, 134 S. Ct. at 577. Under that section, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If the case falls within one of these three categories, venue is proper. *Atlantic Marine*, 134 S. Ct. at 577. "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* A forum-selection clause "has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." *Id.*

For venue purposes, a corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action." 28 U.S.C. § 1391(c)(2). In states with multiple judicial districts, such a corporation resides "in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* § 1391(d). "[I]f there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." *Id.*

Here, the case does not fall within § 1391(b). First, Cargo Freight (the only defendant) is a Georgia corporation, and the plaintiffs offer no indication that Cargo Freight "resides" in this district for purposes of venue.[24] *See* 28 U.S.C. § 1391(c)(2). Indeed, no party resides in California.[25] Second, none of the events relating to the dispute occurred in this district — a fact the plaintiffs concede.[26] Third, the plaintiffs do not allege in their complaint and do not argue in their opposition that Cargo Freight is subject to personal jurisdiction in this district with respect to this

---

[24] Compl. ¶ 2.

[25] *Id.* ¶ 1–2.

[26] Opposition at 2–3; Compl. ¶ 6.

action. Venue is therefore improper in the Northern District of California and the case must be dismissed or transferred. *See* 28 U.S.C. § 1406(a).

### 2.2  The Court Transfers the Case Instead of Dismissing It

Where venue is improper, the district court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision of whether to dismiss or transfer the case is within the district court's discretion, but typically, "if there is another district or division in which the action could have been brought, transfer is preferred to the harsh remedy of dismissal." Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial § 4:577 (The Rutter Group 2016). In exercising its discretion, the court should consider the facilitation of an "expeditious and orderly adjudication of [the] case[] and controvers[y] on [its] merits." *Carter v. Reese*, No. C 12-5537 MMC, 2013 WL 1149812, at *2 (N.D. Cal. Mar. 19, 2013) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)) (alterations in original).

Here, the plaintiffs could have filed the case in a federal Georgia District Court because venue is proper in at least one of Georgia's three districts and the parties agreed to litigate there. Cargo Freight is a Georgia citizen and thus subject to personal jurisdiction in that state.[27] Georgia has multiple districts, though, and the parties did not brief the issue of in which district venue would have been proper under 28 § 1391(d). The forum-selection clause is also silent as to which of Georgia's three districts the parties intended. At the hearing, Cargo Freight's counsel asked for transfer to the Northern District of Georgia. Under § 1391, venue is "proper" there. It also comports with the parties' forum-selection clause.

Cargo Freight argues that dismissal, not transfer, is appropriate here.[28] It asserts that "courts have consistently dismissed, rather than transferred, maritime cargo claims brought by sophisticated, represented plaintiffs in improper fora."[29] But, in the cases it cites, the forum-

---

[27] *See* Compl. ¶ 2; Motion at 8 ("[Cargo Freight] is a citizen of Georgia.").
[28] Reply — ECF No. 27 at 6–7.
[29] *Id.* at 6.

ORDER — No. 16-cv-04055-LB                     7

selection clauses point to foreign forums and federal courts cannot transfer a case to a foreign tribunal. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 3 (1972) (forum selection clause obligated the parties to litigate disputes in the English courts); *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 531 (1995) (bill of lading required disputes to be arbitrated in Tokyo by the Tokyo Maritime Arbitration Commission); *American Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 757, 762–64 (N.D. Cal. 2004). The case here does not present the same obstacle. The court thinks that judicial economy would best be served by transferring the case rather than dismissing it.

## CONCLUSION

The court grants in part Cargo Freight's motion and transfers the case to the Northern District of Georgia.

**IT IS SO ORDERED.**

Dated: December 22, 2016

LAUREL BEELER
United States Magistrate Judge